UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RILEY HAMILTON,

        *Plaintiff*,

   v.

GEFFEN RECORDS and
CAE CARTIER,

        *Defendant(s)*.

Case No.: 1:26-cv-20963-JB

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO PROCEED UNDER PSEUDONYM**

Dated: February 23, 2026

## INTRODUCTION

Plaintiff submits this memorandum of law in support of his motion for leave to proceed anonymously under a "Jane Doe" pseudonym. As courts may use their discretion to allow a litigant to proceed anonymously, Plaintiff respectfully prays that this court grant her this request.

Plaintiff was hired to work with rapper Cae Cartier on an album cover for Geffen Records, and was sexually assaulted by the artist. In the interest of Plaintiff's safety, to prevent damage to Plaintiff's reputation, and to avoid further psychological trauma, Plaintiff asks this Court to allow her to proceed without disclosing his full identity. Plaintiff's privacy interests far outweigh any public interest in her identity in this case or prejudice to Defendants, and there is no alternative to protect her identity and safety. For these reasons and those set forth below, Plaintiff asks that this motion be granted in its entirety.

## BACKGROUND AND PROCEDURAL HISTORY

As alleged in the Complaint, musical artist Cae Cartier invited Ms. Doe to Miami for a paid album cover shoot through Geffen Records, but the professional trip quickly turned into a series of alleged assaults. After Ms. Doe rebuffed his aggressive advances following a business dinner, she woke up the next morning to Cartier forcibly penetrating her while she was in a disoriented, drowsy state. Despite her attempts to push him away and flee to a bathroom, Cartier allegedly continued to expose himself, recorded her while she was in visible distress to manipulate the narrative, and physically restrained her from leaving the apartment with her belongings. After she finally managed to escape, Cartier sent retaliatory texts blaming her for his loss of label funding, leaving Ms. Doe with severe emotional trauma.

Plaintiff now files this motion, contemporaneously with his Complaint based upon these events, respectfully requesting that the Court issue an Order permitting her to prosecute her

claims under a "Jane Doe" designation.

**ARGUMENT**

The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001).

"Whether a party's right to privacy outweighs the presumption of openness is a 'totality of-the-circumstances question.'" *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020) (quoting *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. 2020)). Under Eleventh Circuit precedent, the "first step" is for courts to consider the three initial factors: whether the party seeking to proceed anonymously "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Chiquita Brands*, 965 F.3d at 1247 (citing *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) and *Southern Methodist Univ. Association of Women Law Students v. Wynne*, 599 F.2d 707, 713 (5th Cir. 1979).

Courts should then consider "all the circumstances of a given case" in order to decide whether a plaintiff's privacy concerns outweigh the general requirement of disclosure. *Plaintiff B*, 631 F.3d at 1316 (quoting Frank, 951 F.2d at 323). In particular, courts should consider factors such as plaintiffs' personal circumstances, whether they would face threats of violence or physical harm if proceeding publicly, and whether plaintiffs' "anonymity pose[s] a unique threat of fundamental unfairness to the defendant." *Id.* (citing *Stegall*, 653 F.2d at 186 and *Wynne*, 599 F.2d at 713).

Applying these factors, numerous courts have allowed litigants to proceed anonymously and obtain related relief. *See, e.g., Doe v. Wantong Int'l, Inc.*, No. 6:25- cv-179-PGB-DCI, 2025 WL 712762 (M.D. Fla. Mar. 5, 2025); *A.B. v. U.S. Dep't of Homeland Sec.*, No. 23-cv-23554, 2023 WL 6160838 (S.D. Fla. Sept. 21, 2023); *Koe v. Noggle*, No. 1:23-cv2904-SEG, 2023 WL 11909781 (N.D. Ga. July 26, 2023); *Eknes-Tucker v. Ivey*, No. 2:22-cv-0184, 2022 WL 19983530 (M.D. Ala. May 3, 2022); *Doe #1 v. MG Freesites, Ltd.*, No. 7:21-cv-00220- LSC, 2021 WL 2556009 (N.D. Ala. Mar. 3, 2021); *Oldaker v. Giles*, No. 7:20-CV-00224 (WLS), 2021 WL 3412551 (M.D. Ga. Aug. 4, 2021); *Doe v. Rickey Patel, LLC*, No. 6:19-cv-2414-Orl40LRH, 2020 WL 9073327 (M.D. Fla. Mar. 4, 2020); *Does v. Swearingen*, No. 6:18-cv-1731-Orl41LRH, 2019 WL 4386936 (M.D. Fla. Sept. 13, 2019); *Fla. Abolitionist, Inc. v. Backpage.com LLC*, No. 6:17-cv-218-Orl-28TBS, 2018 WL 2017535 (M.D. Fla. May 1, 2018); *Freedom From Religion Foundation, Inc. v. Emanuel Cnty. School System*, 109 F. Supp. 3d 1353 (S.D. Ga. 2015); *Alexandra H. v. Oxford Health Ins., Inc.*, No. 11-23948-CIV, 2012 WL 13194941 (S.D. Fla. Mar. 23, 2012); *M.J. v. Jacksonville Hous. Auth.*, No. 3:11-cv-771-J-37MCR, 2011 WL 4031099 (M.D. Fla. Sept. 12, 2011).

Here, Plaintiff has a substantial privacy right in proceeding without her name being made public, and multiple factors weigh decidedly in Plaintiff's favor here: absent anonymity, Plaintiff would be compelled to disclose information of utmost intimacy, namely, highly sensitive and personal information about her physical characteristics and sexual activity; Plaintiff may be at risk of threats of violence or physical harm if she were to proceed publicly, given that a powerful record company and its artist are the defendants; and Plaintiff's anonymity would pose no threat of fundamental fairness to Defendants. Moreover, the public's access to these proceedings will not be hindered by protecting Plaintiff's true identity, but not the facts surrounding the case. In

addition, Plaintiff could be dissuaded from pursuing the rights this suit seeks to vindicate if her identity is revealed. To the contrary, because of the likely harm Plaintiff would face if her identity is disclosed, there is a strong public interest in preserving Plaintiff's confidentiality, and finding otherwise could very well dissuade her and others similarly situated from pursuing litigation. Plaintiff is willing to reveal her identity to the Court, if necessary.

First, in contrast with Plaintiff's heightened interest in confidentiality, the public's interest in knowing her identity is minimal. The issues in this lawsuit are not a matter of significant public concern, and the identity of Plaintiff will add little to the public understanding of the case. *See, e.g., Wantong*, 2025 WL 712762, at *2 (granting motion to proceed anonymously while noting that the proceedings would otherwise "remain open to the public"); *see also Doe v. CoreCivic, Inc.*, No. 20-cv-01828, 2020 WL 3640058, at *2 (S.D. Tex. July 6, 2020) (finding public interest weighed in favor of anonymity when "most of the pertinent facts [are] made on the public record" and the only non-public aspect "is [plaintiff's] actual identity."). The public will still have access to the filings and proceedings in this case. The use of a pseudonym would not hinder the public's right to information about the ultimate legal questions at issue. Thus, the public interest weighs in favor of granting this motion.

## CONCLUSION

For the reasons stated herein, the Court should grant Plaintiff's motion in its entirety.

Dated: February 23, 2026    Respectfully submitted,

/s/ *Adriana Alcalde*
Adriana Alcalde
**EISENBERG & BAUM, LLP**
24 Union Square East, Penthouse
New York, NY 10003
(212) 353-8700
aalcalde@eandblaw.com
*Attorneys for Plaintiff*

5

## **CERTIFICATE OF SERVICE**

I, Adriana Alcalde, counsel for Plaintiff Jane Doe in the above-captioned case, do hereby certify that on February 23, 2026, I electronically filed this document with the Clerk's Office using the CM/ECF system, which then sent a Notice of Electronic Filing to all registered attorneys.

/s/ *Adriana Alcalde*
Adriana Alcalde
**EISENBERG & BAUM, LLP**
24 Union Square East, Penthouse
New York, NY 10003
(212) 353-8700
aalcalde@eandblaw.com
*Attorneys for Plaintiff*